IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTIAN MEDINA, on behalf of plaintiff and the class members described herein, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ATLANTIC RECOVERY SOLUTIONS, LLC; and DNF ASSOCIATES LLC; | )<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff Christian Medina brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Allstate Financial Services, Inc. ("ARS") on behalf of defendant DNF Associates LLC ("DNF"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

    a. Defendants' collection communications were received by plaintiff within this District;

    b. Defendants transact business within this District.

## PARTIES

9. Plaintiff Christian Medina is an individual who resides in the Northern District of Illinois.

10. Defendant Atlantic Recovery Solutions, LLC ("ARS") is a limited liability company organized under New York law with offices at 33 Dodge Rd #108, Getzville, NY 14068.

11. Defendant ARS operates a collection agency, using the mails and telephone system to collect defaulted consumer debts owed to others.

12. Defendant ARS has a web site on which it states, "SERVICES   Our services

include debt collections and litigation solutions. We currently work with housing facilities, medical offices, bank cards, as well as local retail and consumer merchants." (https://www.atlanticrecoverysolutions.com/services)

  13. Defendant ARS is a debt collector as defined in the FDCPA.

  14. Defendant DNF Associates LLC ("DNF") is a limited liability company with offices at 352 Sonwil Drive, Cheektowaga, NY 14225. Its registered agent and office is National Registered Agents, Inc., 111 Eighth Avenue, New York, NY 10011.

  15. DNF's principal business is that of acquiring defaulted consumer debts and collecting them.

  16. DNF has filed hundreds of collection lawsuits against consumers in courts throughout the United States.

  17. DNF states on its web site, "We have the experience and knowledge that you need when looking for a buyer of delinquent consumer receivables." (http://www.diversefundingllc.com/our-services.aspx)

  18. DNF uses the mails and telephone system and Internet in connection with its business.

  19. DNF is a debt collector as defined in the FDCPA.

  20. All acts of ARS complained of herein were taken as authorized collection agent of DNF.

## FACTS

  21. Defendants have been attempting to collect from plaintiff a Kay Jewelers account, incurred for personal, family or household purposes and not for business purposes.

  22. To collect such debt, defendant ARS has been contacting plaintiff, on behalf of DNF, as its authorized agent.

  23. On October 2, 2017, at about 4:20 p.m., plaintiff received the following message

3

on his voicemail: "Hi, my name is Julie, please return my call to 1-866-264-0498. Again, my number is 1-866-264-0498."

24. The number 1-866-264-0498 is used by ARS, according to ARS' website. (https://www.atlanticrecoverysolutions.com/contact)

25. On information and belief, plaintiff received a number of similar messages.

26. It is the policy and practice of ARS to leave voicemail messages that do not identify the company calling or state the purpose of the call.

27. On November 29, 2017, defendant ARS, on behalf of defendant DNF, sent plaintiff the letter attached as Exhibit A.

28. On information and belief, based on its contents, Exhibit A was the first letter sent to plaintiff by ARS.

29. It is the policy and practice of ARS to place a series of telephone calls and then send an initial letter well after 5 days from the first telephone call.

## COUNT I – FDCPA

30. Plaintiff incorporates paragraphs 1-29.

31. Defendant's messages violated 15 U.S.C. §§1692e, 1692e(11), and 1692e(14), as well as 15 U.S.C. §1692d(6).

32. Each telephone message was a "communication" within the meaning of 15 U.S.C. §§1692d(6) and 1692e. *Foti v. NCO Financial Systems*, 424 F.Supp.2d 643, 669 (S.D.N.Y. 2006); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104, 1112, 1118 (C.D.Cal. 2005); *Joseph v. J. J. MacIntyre Cos.,* 281 F.Supp.2d 1156 (N.D.Cal. 2003); *Stinson v. Asset Acceptance, LLC,* 1:05cv1026, 2006 WL 1647134, 2006 U.S. Dist. LEXIS 42266 (E.D. Va., June 12, 2006); *Belin v. Litton Loan Servicing, LP,* 8:06-cv-760-T-24 EAJ, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla., July 14, 2006).

33. The messages violate 15 U.S.C. §1692d(6) and 15 U.S.C. §§1692e and 1692e(11), because:

      a.      They do not contain the warning required by 15 U.S.C. §1692e(11).

      b.      They do not identify defendant.

34.    15 U.S.C. §1692d(6) makes it unlawful for a debt collector to engage in the following conduct: "Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

35.    Section 1692e provides:

> **§ 1692e.    False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. . . .**

## CLASS ALLEGATIONS

36.    Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

37.    The class consists of (a) all individuals (b) for whom ARS left a voicemail message that did not identify the company calling and/or did not state that the call was for debt collection purposes (c) in connection with a debt allegedly owned by DNF (d) which message was left at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

38.    On information and belief, based on a standard practice, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

39.    There are questions of law and fact common to the class members, which

common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of leaving voicemail messages that do not identify the company calling or state the purpose of the call, and whether such practice violates the FDCPA.

40. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

## COUNT II – FDCPA

43. Plaintiff incorporates paragraphs 1-29.

44. Defendants violated 15 U.S.C. §1692g because Exhibit A was not sent within 5 days after the first collection communication to plaintiff.

## CLASS ALLEGATIONS

45. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46. The class consists of (a) all individuals (b) for whom ARS left a voicemail message (c) in connection with a debt allegedly owned by DNF (d) and failed to send an initial letter containing the disclosures required by 15 U.S.C. §1692g for 15 days (e) where the message was left at any time during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

47. On information and belief, based on a standard practice, there are more than 40 class members, and the class is so numerous that joinder of all members is not practicable.

48. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of leaving voicemail messages without sending a "notice of debt" as required, and whether such practice violates the FDCPA.

49. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

50. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

51. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

     iii.  Such other and further relief as the Court deems proper.


              <u>/s/ Daniel A. Edelman</u>
              Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Emiliya Gumin Farbstein
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


T:\34652\Pleading\Complaint -- class_Pleading.wpd

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


                                                /s/ Daniel A. Edelman
                                                Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)